IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MERRILEE STEWART,** | |
| Plaintiff, | Case No. 2:22-cv-4478 |
| v. | Judge James L. Graham |
| **KIM J. BROWN*, et al.*,** | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Merrilee Stewart has been involved in extensive litigation before Franklin County Common Pleas Court Judge Kim J. Brown since 2015. During that litigation, Judge Brown found Stewart in contempt of court on multiple occasions, imposed sanctions, and declared her a vexatious litigator. Stewart believes Judge Brown acted wrongfully and filed this action without the assistance of counsel, asserting that Judge Brown's rulings violated her state and federal statutory and constitutional rights. Judge Brown filed a motion to dismiss, asserting that the Court lacks subject matter jurisdiction and Stewart's claims fail as a matter of law. Doc. 7. For the following reasons, the Court agrees with Judge Brown, **GRANTS** her motion to dismiss, and **DISMISSES** Stewart's complaint, Doc. 1.

I. Background

A. Factual Background

This case has its origins in a 2015 contractual dispute. Stewart and her former business partners owned RRL Holding Company Ohio, LLC ("RRL"). RRL was the sole owner and member of IHT Insurance Agency Group, LLC ("IHT"). The members of RRL, including Stewart, served as officers and on the board of managers for IHT. Stewart's business partners terminated

1

their relationship with Stewart once it was discovered that she was operating a competing insurance company. Doc. 7 at 3. RRL and IHT then filed suit in Franklin County Common Pleas Court Case Number 15cv1542 alleging that Stewart breached fiduciary duties (the "2015 Case"). *Id.* Stewart counterclaimed that her termination violated an operating agreement. *Id.*

Judge Brown presided over the 2015 Case. RRL and IHT moved for a preliminary injunction on March 2, 2015. The motion was resolved by the parties filing an agreed entry on May 28, 2015. The agreed entry required Stewart to refrain from "representing to any person, business, or entity that [she is] . . . in any way working with or for . . . IHT or RRL . . . ." Judge Brown then, on November 10, 2015, stayed the case and ordered the parties to submit their claims to binding arbitration. *RRL Holding Company of Ohio, LLC v. Stewart*, Case No. 15CVH-1842, Nov. 10, 2015 Order at 6. ("The Court hereby **ORDERS** that Plaintiffs RRL and IHT and Defendant Stewart submit their affirmative claims against each other and defenses to such claims to binding arbitration.").

On August 10, 2016, RRL and IHT complained to Judge Brown that Stewart violated the terms of the agreed entry and "escalated her vendetta against RRL and IHT by making wild accusations of fraud and embezzlement against the companies and their employees." *RRL Holding Company of Ohio, LLC v. Stewart*, Case No. 15CVH-1842, August 10, 2016 Mot. for Show Cause at 1. Specifically, RRL and IHT asserted that Stewart held herself out as a representative of RRL and IHT in filing a complaint with the Ohio Civil Rights Commission, filing a claim with the Columbus Police Department that an IHT employee embezzled 5 to 10 million dollars from IHT; and filing insurance claims on behalf of IHT with two insurance companies. *Id.* at 3-5. Judge Brown ultimately found Stewart in contempt of court, imposed a $2,750 fine, and awarded $27,034.08 in attorney fees. *RRL Holding Company of Ohio, LLC v. Stewart*, Case No. 15CVH-

2

1842, Mar. 15, 2019 Order at 7 (adopting magistrate judge's December 21, 2018 report and recommendation). Stewart appealed, and the Ohio Tenth District Court of Appeals reversed and remanded, finding that Judge Brown failed to address evidence brought by Stewart.[1] *RRL Holding Company of Ohio, LLC v. Stewart*, Case No. 19AP-202 at ¶¶ 46-54 (Ohio 10th Dist. Feb. 4, 2020).

The arbitration panel reached a conclusion on December 8, 2017. It concluded that Stewart was properly terminated, and that Stewart must sell her shares in accordance with the parties' buy/sell agreement. More specifically, the panel directed Stewart to:

> (i) sell her Units to RRL for $520,000; (ii) execute and deliver to RRL the Member Interest Redemption Agreement, and all related documents attached as Exhibits to the Buy/Sell Agreement . . . , and any other documents necessary to the effectuation of the complete transfer of Ms. Stewart's membership interest; and (iii) close such transaction within 30 days of the Award.

Doc. 7-4 and 11. Judge Brown confirmed the arbitration award on February 5, 2018. The Ohio Court of Appeals affirmed the confirmation and the Ohio Supreme Court declined jurisdiction.

Despite the arbitration award, Stewart refused to transfer her membership interest. RRL and IHT moved Judge Brown to issue a show cause order on March 7, 2018. Judge Brown granted the request on March 15, 2019 and ordered a show cause hearing to be held. The show cause hearing was referred to a magistrate judge on April 2, 2019. The magistrate judge recommended Stewart be found in contempt of court for failing to execute the transfer documents in accordance with the arbitration award and imposed a fine of $100 payable to RRL for each additional day of noncompliance, with the option that she can avoid paying the fines if she executes the documents within 15 days of Judge Brown's decision adopting the magistrate judge's report and

---

[1] Judge Brown never acted on the remand order. She asserts that the plaintiffs in that case withdrew the show cause motion which prompted the contempt findings. While the 2015 Case docket does not reflect such a withdrawal, that final judgment was entered and the issue not raised by the 2015 Case plaintiff on appeal reveals they did not continue to seek the contempt finding.

3

recommendation. *RRL Holding Company of Ohio, LLC v. Stewart*, Case No. 15CVH-1842, Aug. 15, 2019 Magistrate Decision. Judge Brown adopted the report and recommendation on September 9, 2019.

Stewart was insistent the issues were not yet resolved. On October 6, 2019, she asked Judge Brown to lift the November 2015 stay. Judge Brown denied the request in a November 5, 2019 order, explaining that the purpose of the stay, to permit arbitration, was complete in 2017, that the resulting arbitration award was confirmed, and that the confirmation was appealed all the way up to the Supreme Court of Ohio.

Around the same time, RRL and IHT were growing tired of Stewart's delays. On October 3, 2019, they moved Judge Brown for judgment directing that the transfer documents be signed on Stewart's behalf. Judge Brown concluded that she could deem the documents executed without a signature and did so. *RRL Holding Company of Ohio, LLC v. Stewart*, Case No. 15CVH-1842, June 26, 2020 Judgment Entry. Judge Brown then issued final judgment on August 26, 2020, setting forth an amortization schedule. Stewart appealed the final judgment. The court of appeals dismissed Stewart's appeal, and the Supreme Court of Ohio and the United States Supreme Court declined jurisdiction.

While the 2015 Case was pending, RRL and IHT moved in a separate case for Judge Brown to declare Stewart a vexatious litigator. *RRL et al. v. Stewart*, Case No. 18cv007212 (the "2018 Case"). Judge Brown granted summary judgment in the 2018 Case, declaring Plaintiff a vexatious litigator pursuant to Ohio Revised Code § 2323.52. This status indefinitely prohibits Stewart from instituting or continuing any legal proceeding without authorization.

### B. Procedural Background

Stewart began the instant proceeding on December 27, 2022 against Judge Brown and Ohio Attorney General Dave Yost in their official capacities. Compl. at ¶¶ 3-4, Doc. 1. The gravamen of Stewart's wide-spanning complaint is that Judge Brown stalled and refuses to recommence the 2015 case, which remains pending, depriving her of access to courts. *See generally* Doc. 1. For relief, she requests only:

> [P]rospective and permanent injunctive relief against Defendant Kim J Brown, in her official capacity as Franklin County Ohio Common Pleas Court Judge, from applying Ohio's vexatious litigator statute against the Ms. Stewart in the March 2015 case, release of the November 10, 2015 stay and allow the case to proceed to finality of all claims and defenses.

Doc. 1 at pg 13.

The Court dismissed Ohio Attorney General Yost at Stewart's request. Doc. 12. On February 27, 2023, Judge Brown filed a motion to dismiss asserting that the Court lacks subject matter jurisdiction and, furthermore, Stewart's claims fail for a host of reasons. Doc. 7.

## II. Analysis

Stewart asks this Court to take the extraordinary action of intervening in a state-court proceeding. Judge Brown asserts that the Court lacks subject matter jurisdiction to do so, relying on two abstention doctrines – *Younger* and *Rooker-Feldman*.

### A. *Younger* Abstention

*Younger* abstention calls for courts to abstain from entertaining an action which threatens "undue influence with state proceedings . . . ." *Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019) (citation omitted). It applies in three circumstances – when there is an ongoing criminal prosecution, when there is a civil enforcement proceeding that is akin to a criminal prosecution,

5

and when there is a "civil proceeding involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial functions. *Id.* (citation omitted).

This case presents the third circumstance. Stewart complains of Judge Brown's conduct during the 2015 Case, specifically continuing the stay, imposing sanctions, and restricting her ability to file. Judge Brown's ability to manage a case and the parties thereto, including reprimanding a litigant for noncompliance, is "uniquely in furtherance" of her ability to perform her judicial functions. *See id.* (finding enforcement of the state contempt statute a "prototypical example[] of the situations falling within this third category . . . .").

Next, the Court must analyze the case using the three *Middlesex* factors. *Id.* at 1018. The *Middlesex* factors call for a court to abstain under *Younger* if "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims . . . ." *Id.* All three factors are satisfied here. A state proceeding is "currently pending" if at the time the federal action commenced, it had already been filed and appellate remedies had not been exhausted. *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). Here, the present action was filed on December 27, 2022, after the 2015 Case was filed (March 2, 2015) and before appeals were exhausted (May 19, 2023). Second, the request to intervene in a state-court proceeding raises important issues of state-court independence. *See Belill v. Hummel*, 835 F.2d 877 (6th Cir. 1987) ("[T]he principles of federalism may require that a federal court abstain from granting such relief if it unduly interferes with the independence of the state court."). Third, "[t]he federal plaintiffs bear the burden of showing that state procedural law barred presentation of their constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). Stewart has made no attempt to satisfy this burden.

In sum, the Court finds that *Younger* abstention applies and instructs against exercising subject matter jurisdiction over Stewart's action.

### B. *Rooker-Feldman* Doctrine

While *Younger* abstention protects against a district court from meddling with ongoing state-court proceedings, the *Rooker-Feldman* doctrine prevents a district court from acting as appellate court over a state court. "The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)). It applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *VanderKodde*, 951 F.3d at 402; *RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 387 (6th Cir. 2021), cert. denied sub nom. *RLR Invs., LLC v. City of Pigeon Forge*, 211 L. Ed. 2d 569, 142 S. Ct. 862 (2022).

Crucial to the *Rooker-Feldman* analysis is that the claims brought in federal court seek relief from injuries caused by a state-court judgment. *RLR Invs.*, F.4th at 388 ("If the injury's source is not the judgment, then the plaintiff's federal claim is independent of the state-court judgment and the district court has jurisdiction over the claim"). Two questions follow – whether the plaintiff seek relief from a state-court order and whether that state court order is a "judgment."

As to the first question, to determine whether a plaintiff seeks review of a state-court order, courts look to the source of the injury alleged and the relief sought. *Id.* (citations omitted). As explained above, the gravamen of Stewart's complaint is that she is harmed by Judge Brown's refusal to permit the 2015 Case to proceed to conclusion. She seeks injunctive relief to remove the

7

two roadblocks which she perceives to be holding up the case – the November 10, 2015 stay and her status as a vexatious litigator. This is not the first time Stewart sought to recommence the 2015 Case. On October 6, 2019, she asked Judge Brown to lift the November 10, 2015 stay. Judge Brown denied this request as moot in an order dated November 5, 2019. The Court finds that Stewart's present suit requires the Court to review Judge Brown's denial to lift the November 10, 2015 stay.

As to the second question, a court order is a judgment for purposes of *Rooker-Feldman* if it is an "investigat[ion], declar[ation], and enforce[ment of] 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'" *Id.* at 389. The judgment can be final or interlocutory. *Pieper*, 336 F.3d at 462. Judge Brown's order denying the request to lift stay resulted from an investigation, declaration, and enforcement of liabilities. Specifically, Judge Brown considered the request to lift stay within the context of the case and determined it to be moot because the purpose of the stay, to permit arbitration, was complete.[2]

In sum, the Court finds that Stewart is a state-court loser complaining of injuries caused by a state-court judgment rendered before the present action commenced and that she is inviting the Court to review and reject that state-court judgment. Therefore, *Rooker-Feldman* applies and deprives the Court of subject-matter jurisdiction.

---

[2] While Plaintiff's first cause of action refers to sanction orders issued by Judge Brown, the Court construes that cause of action to take issue with Judge Brown's refusal to conduct an additional hearing on the matter, not the sanction order itself. Regardless, the Court finds that the sanction order is also a judgment for purposes of *Rooker-Feldman* as it constitutes an investigation, declaration, and enforcement of and regarding Stewart's misconduct during the pendency of the 2015 Case.

### III. Conclusion

As explained above, two abstention doctrines instruct the Court to not involve itself in Stewart's causes of action and request for it to intervene in the 2015 Case. Therefore, the Court lacks subject matter jurisdiction. Judge Brown's motion to dismiss, Doc. 7, is **GRANTED**. The Clerk shall enter final judgment in favor of Judge Brown.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: August 8, 2023